IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PAMELA ANN FREEMAN                                                                          PLAINTIFF

vs.                                         Civil No. 6:13-cv-06122

CAROLYN W. COLVIN                                                                           DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Pamela Ann Freeman ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her SSI application on August 17, 2010. (Tr. 14, 131-137).  In her application, Plaintiff claims to be disabled due to back problems, hepatitis C, depression, and anxiety. (Tr. 164).  At the administrative hearing in this matter, Plaintiff also alleged being disabled due to problems with her right hand. (Tr. 56-57).  Specifically, she alleged she crushed a finger on her right hand, had emergency surgery on that hand, and now has problems gripping with that hand.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

(56-57). At this hearing, Plaintiff also alleged she has nerve damage and limited movement in her right hand as a result of that injury. *Id.*

Plaintiff alleges an onset date of January 1, 2006. (Tr. 14, 131). Plaintiff's application was denied initially and again upon reconsideration. (Tr. 66-67). Thereafter, on July 8, 2011, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 80-97). Plaintiff's administrative hearing was held on May 22, 2012 in Little Rock, Arkansas. (Tr. 31-65). At this hearing, Plaintiff was present and was represented by Ms. Dechaume.[2] *Id.* As of the date of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c). (Tr. 36). Plaintiff also testified she had only completed the sixth grade in school. *Id.*

On June 25, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 11-26). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 17, 2010, her application date. (Tr. 16, Finding 1). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, depression, and anxiety. (Tr. 16, Finding 2). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16-18, Finding 3).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 18-24, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

---

[2] Her first name is not included in the transcript. (Tr. 31-65).

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant may occasionally lift and carry 20 pounds and she may frequently lift and carry 10 pounds; the claimant may stand and walk about 6 hours in an 8-hour workday; the claimant may sit less than 6 hours in an 8-hour workday; the claimant may never climb stairs, ladders, ropes or scaffolds and may not more than frequently balance, kneel, crawl, stoop and crouch; and the claimant may only perform unskilled work that can be learned within 30 days with an SVP of 1 or 2.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff had no PRW. (Tr. 24, Finding 5). The ALJ then evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy considering her age, education, work experience, and RFC. (Tr. 25, Finding 9). The ALJ heard testimony from the VE on this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform representative occupations such as (1) a small products assembler with 4,710 such jobs in Arkansas and 229,240 such jobs in the United States; (2) photo copy machine operator with 700 such jobs in Arkansas and 66,580 such jobs in the United States; and (3) cleaner housekeeper with 2,300 such jobs in Arkansas and 245,000 such jobs in the United States. *Id.* Because she retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, since her application date of August 17, 2010. (Tr. 25-26, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7-8). On August 20, 2013, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On October 22, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 20, 2013. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

**2. <u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ erred by not including all her limitations in his hypothetical to the VE; (2) the ALJ erred in evaluating her severe impairments; and (3) the ALJ erred in discounting her subjective complaints. ECF No. 11 at 10-15. Because the Court finds the ALJ erred in evaluating her severe impairments, the Court will only address Plaintiff's second argument for reversal.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that

5

do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, the ALJ determined Plaintiff only had the following severe impairments: degenerative disc disease, depression, and anxiety. (Tr. 16, Finding 2). The ALJ did not find Plaintiff suffered from any limitations as a result of one of the fingers in her right hand being crushed. *Id.* This is despite the fact that Plaintiff alleged at the administrative hearing that she had limited gripping ability, limited movement, and nerve damage in her right hand. (Tr. 56-57).

Plaintiff's allegations of right hand limitations are also generally supported by her medical records. On December 9, 2010, Plaintiff's x-rays revealed she had a "chronic fifth metacarpal deformity from a previous injury." (Tr. 275). On May 3, 2012, Plaintiff again had x-rays taken of her right hand because she was suffering from hand pain. (Tr. 618). Plaintiff was diagnosed with hand pain due to her "old fracture of the right 5th metacarpal." *Id.* These medical records, along with Plaintiff's testimony, are sufficient to meet the low standard of establishing Plaintiff suffers from the "severe" impairment due to her right hand injury. Because the ALJ did not find this was a severe impairment, this case must be reversed and remanded. *See Nicola,* 480 F.3d at 887 (". . . we reject

the Commissioner's argument of harmless error"). Importantly, this error was certainly not harmless in this case because the ALJ did not account for any right hand limitations (including gripping limitations) when assessing Plaintiff's RFC.  *See* Tr. 18-24, Finding 4.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 18th day of December 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE